**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARILYN MARIE SMITH, | : | CIVIL ACTION NO. **1:CV-14-0757** |
| | : | |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF DEFENSE, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.     Background.**

On April 18, 2014, Plaintiff, Marilyn Marie Smith,  a resident at 1719 North 5th Street, Harrisburg, Dauphin County, Pennsylvania, 17102, filed, *pro se,* another Complaint with this Court against the Department of Defense ("DOD").  (Doc. 1). Plaintiff filed a previous action against the DOD in Civil No. 09-0413, M.D.Pa., and this case was dismissed without further leave to amend on May 4, 2010.  (*See* Doc. 65, Civil No. 09-0413, M.D.Pa. & Doc. 3, pp. 6-7, Civil No. 14-0757, M.D.Pa.).  Plaintiff appealed the dismissal of her Civil No. 09-0413 case to the Third Circuit Court of Appeals, and on  April 29, 2011, the Third Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (*See* Doc. 83, Civil No. 09-0413, M.D.Pa.).  Plaintiff also filed a previous action against the DOD in Civil No. 13-0336, M.D.Pa., and this case was dismissed with prejudice on  May 14, 2013.  (*See* Doc. 8, Civil No. 13-0336, M.D.Pa.).  Thus, Plaintiff now files the third action against the DOD in this Court despite the fact that Plaintiff's two previous actions against the DOD were basically dismissed with prejudice.

Plaintiff's instant Complaint is a two-page handwritten document with attachments.  Plaintiff names as Defendants in her present Complaint the DOD, Defendant Defense Logistics Agency ("DLA"), Debra Johnson, Brian Ward, and Andrew Simpson.  In her Civil No. 13-0336 case, Plaintiff stated that her supervisor at DLA was Andrew Simpson.   The Defendants in Plaintiff 's present case are essentially the same Defendants Plaintiff named in her prior Civil No. 13-0336 case.  Plaintiff also raises the same basic allegations and the same claims in her present Complaint that she raised in her Civil No. 13-0336 case.    Specifically, in her present case, similar to her  Civil No. 13-0336 case, Plaintiff  alleges  that she was employed by Defendant DLA as a material handler at the Defense Distribution Center, located in New Cumberland, Pennsylvania, and that she was fired "for an alleged assult (sic) battery on a co-worker Carrie Lemelle."  (Doc. 1, p. 1, Civil No. 14-0757). Plaintiff also avers that "[o]n May 5, 2008[,] the [DOD DLA] entered into a conspiritory (sic) plan of retaliation against Plaintiff [] when she complained about a co-worker's aggression toward her." Plaintiff alleges that "[b]ased upon the alledged (sic) aggresser (sic) [she] was thereupon fired without just cause [and] without an (sic) real legitimate reason, an improper hand picked witness[es], improper unemployment hearing as well." (*Id.*).   Plaintiff then appears to state why the witnesses against her were improper witnesses.  As relief, Plaintiff states that her "damages exceeds (sic) Six Million [dollars]." (*Id.*, p. 2).

Attached to Plaintiff's instant Complaint are what appear to be handwritten Complaints Plaintiff wrote on behalf of William V. Smith and Michael Lee Smith against the DOD, the Department of Corrections ("DOC"), Dauphin County, PA, Parole and Probation Office, Lancaster County , PA and Harrisburg Task Force.  The Complaints Plaintiff wrote on behalf of William V.

2

Smith and Michael Lee Smith appear to challenge the conviction of William V. Smith for assault and battery, as well as petty theft, and the 2009 conviction of Michael Lee Smith for assault and battery and, his sentence of life imprisonment. Plaintiff requests that the life-sentence of Michael Lee Smith be reduced to time served and that Michael be released from prison. Plaintiff states in the Complaints that both William V. Smith and Michael Lee Smith were the victims of conspiracies against them.  (Doc. 1, pp. 3-9).  William V. Smith and Michael Lee Smith appear to be Plaintiff's bothers, and it seems that they were convicted of assaulting Carrie Lemelle after Plaintiff's April 6, 2007, incident with Lemelle during Plaintiff's and Lemelle's employment at DLA.

Plaintiff also attached to her instant Complaint a copy of one page for a Sworn Statement dated April 6, 2007, of Carrie Lemelle as well as a handwritten statement of Kathy Sheesley dated April 6, 2007, seemingly about the incident involving Plaintiff and Lemelle at DLA which lead to Plaintiff 's termination.   (*Id.*).

In her Complaint filed in her Civil No. 13-0336 case, Plaintiff alleged  that she wrote a letter to her supervisor, Andrew Simpson, when she was employed by the Defendant Defense Logistics Agency at the Defense Distribution Center, Susquehanna, PA, located in New Cumberland, Pennsylvania, and complained about another female employee, Carrie Lemelle,  regarding "a pattern of undesirable behavior" that "was repeatedly exhibited by the employee [Carrie Lemelle] and a single incident of misconduct."  (Doc. 1, p. 1, Civil No. 13-0336 case).  Plaintiff also seemed to state that both she and the other female employee, Carrie Lemelle, "signed the admonished (sic) letter [and] she had incident of harrassment (sic)" placed in her file. Thus, it seemed Plaintiff alleged that during her prior federal employment with DLA, she had a misunderstanding with another

woman who worked at DLA, namely, Carrie Lemelle, and that she then complained to Simpson about the pattern of harassing behavior exhibited towards her by Carrie Lemelle. Subsequently, it appeared that both Plaintiff and Carrie Lemelle were issued letters of admonishment by DLA for misconduct and that they both signed the letters. It then seemed that Plaintiff was accused of striking Carrie Lemelle, on April 6, 2007, and that Plaintiff's two brothers were later arrested for assaulting Lemelle. Plaintiff was then terminated from her employment with DLA.

Therefore, in her Civil No. 13-0336 case, Plaintiff seemed to claim that she was wrongfully terminated from her federal employment at DLA by the DOD and she requested as relief seven million dollars in damages.

When Plaintiff filed her instant Complaint in Civil No. 14-0757, she failed to pay the filing fee and she did not file an *in forma pauperis* Motion. Thus, on April 22, 2014, we issued an Order directing Plaintiff to pay the filing fee or file an *in forma pauperis* Motion along with her 2012 and 2013 federal income tax returns within twenty (20) days of the date of the Order, *i.e.*, by May 12, 2014. (Doc. 2). We also enclosed a form *in forma pauperis* Motion. Further, we stated that failure of Plaintiff to timely comply with our Order would result in a recommendation that her case be dismissed without prejudice.

Plaintiff failed to pay the filing fee or file a completed *in forma pauperis* Motion by May 12, 2014, as we directed. However, on May 1, 2014, Plaintiff filed nine pages of documents which are captioned and signed by Plaintiff as "Release of prisoners two brothers for their protection the names is already known (sic)." (Doc. 3). Plaintiff also enclosed a copy of the form *in forma pauperis* Motion which we sent to Plaintiff with our Doc. 2 Order, but Plaintiff did not complete

4

the form or sign it.    Further, Plaintiff enclosed two pages of this Court's Memo and Order

dismissing her Civil No. 09-0413 case as well as a payment receipt from Countrywide Home Loans

dated July 26, 2006, and a November 2, 2006, notice from Countrywide Home Loans that her

repayment agreement was being cancelled since Plaintiff failed to make her required monthly

payments.  Plaintiff also enclosed a copy of an undated letter from the PA DOC at SCI-Camp Hill

to an unnamed Applicant stating that the Applicant was scheduled for an interview to become a

Corrections Officer Trainee. Additionally, Plaintiff enclosed a copy of a Notice regarding the due

date of an opposition brief to a Petition for Writ of *Certiorari* Plaintiff  filed in a case against DLA

with the U.S. Supreme Court on July 6, 2011.

Plaintiff's Doc. 3 documents do not comply with our April 22, 2014, Order.  In fact, other

than the copy of the uncompleted form *in forma pauperis* Motion, Plaintiff's Doc. 3 documents do

not have any relevancy to her instant case.

We now issue this Report and Recommendation ("R&R") recommending that Plaintiff instant

Complaint be dismissed with prejudice.  We have been assigned Plaintiff's case for pre-trial matters.

## II.    Discussion.

Plaintiff did not submit a Civil Cover Sheet when she filed her instant Complaint.  The Clerk

of Court  indicated on the docket that Plaintiff 's case was a civil rights action and that this Court's

jurisdiction over Plaintiff's case  was based upon 42 U.S.C. §1983.[1]  It seems that Plaintiff's causes

---

[1]Plaintiff's instant action appears to fall within 28 U.S.C. § 1331 ("The district courts shall
have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the
United States." (Emphasis added).  Plaintiff's case does not appear to be a §1983 civil rights
action since there are not state actors alleged to have violated Plaintiff 's constitutional rights.
*See Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993).

of action, similar to her Civil No. 13-0336 case, are wrongful termination of her federal employment as well as violations of her constitutional rights by federal officials and agencies. As we stated in Plaintiff's Civil No. 13-0336 case, to the extent Plaintiff raises constitutional claims against a federal official seeking damages, her Complaint is, in part, a *Bivens* action under 28 U.S.C. §1331.[2]

As mentioned, Plaintiff failed comply with our April 22, 2014 Order since she has not paid the filing fee or filed a completed *in forma pauperis* Motion by May 12, 2014.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added). *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002); *Ali v. Josefowicz*, 2011 WL 1740679, *1. In the instant case, Plaintiff Smith has failed to prosecute her action and, she has failed to comply with the Order of this Court by her failure to timely pay the filing fee or file a completed *in forma pauperis* Motion. As stated, Plaintiff has taken no action with respect to her case since she filed her documents on May 1, 2014, which, for the most part, have no relevance to her instant case. (Doc. 3). In our April 22, 2014 Order, we directed Plaintiff to pay the filing fee or file a completed *in forma pauperis* Motion. (Doc. 2). We note that our April 22, 2014 Order,

---

[2]This is a *Bivens* action insofar as Plaintiff is deemed as seeking monetary damages from federal officials for alleged violations of her constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

which was mailed to Plaintiff at her listed address, was presumed received by Plaintiff since it was not returned to the Court as undeliverable.  Also, as stated, in apparent response to our April 22, 2014 Order, Plaintiff submitted her Doc. 3 documents.

Plaintiff failed to timely  pay the filing fee or file a completed *in forma pauperis* Motion by May 12, 2014, as directed.  We then sua sponte afforded Plaintiff additional time to comply with the Court's Order. Nonetheless, Plaintiff has  failed to  pay the filing fee or file a completed *in forma pauperis* Motion.   Further, Plaintiff has not filed any document with the Court explaining why she has failed to comply with the April 22, 2014  Order. Nor has Plaintiff requested additional time to comply with the Court's Order.

We find that the stated behavior of Plaintiff constitutes a wilful failure to prosecute her case, as opposed to a situation in which she has had problems in pursuing her case, but made efforts to comply with this Court's Order.  We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007).  We find that due to Plaintiff's wilful failure to  pay the filing fee or file a completed *in forma pauperis* Motion, this case cannot proceed forward.

Rule 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court. *See Ali v. Josefowicz*, 2011 WL 1740679, *1. Therefore, we shall recommend that this case be dismissed under Rule 41(b) due to Plaintiff's wilful failure to prosecute it and due to her wilful failure to comply with the Court's  April 22, 2014 Order.  Plaintiff should be deemed as abandoning her action.  *Id.; see also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to

7

perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Even though we find that Plaintiff's conduct clearly shows that she intended to abandon her case, out of an abundance of caution, we analyze the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984),  before recommending that this case be dismissed under Rule 41(b).  *See Emerson v. Thiel College*, 296 F.3d at 190.

In *U.S  v. $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir. 2003)*,* the Court stated that "the sanction of dismissal is disfavored absent the most egregious circumstances.  *See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-68 (3d Cir.1984)."*  The Court in *U.S v. $8,221,877.16 in U.S. Currency,* 330 F.3d at 161-62 (citing *Poulis, 747* F.2d at 868),  then stated that "six important factors must be weighed by a district court in determining whether the harsh sanction of dismissal is justified:"

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused  by the failure to meet
>
> scheduling orders and respond to discovery; (3) a history of dilatoriness;
>
> (4) whether the conduct of the party or the attorney was willful or in
>
> bad faith; (5) the effectiveness of sanctions other than dismissal, which
>
> entails an analysis of alternative sanctions; and (6) the meritoriousness of
>
> the claim or defense.

In analyzing and balancing all of the *Poulis* factors, we find that Plaintiff's  stated conduct in delaying her case is attributed to her personally.  Initially, Plaintiff was required  pay the filing fee

or file a completed *in forma pauperis* Motion by May 12, 2014. (Doc. 2).  Plaintiff failed to  comply with the Court's Order.   We then sua sponte afforded Plaintiff  additional time to comply with the Court's  Order.  To date, Plaintiff has failed to timely  pay the filing fee or file a completed *in forma pauperis* Motion. Plaintiff has filed no document in her case in compliance with our April 22, 2014 Order.  We find that Plaintiff now has a history of dilatoriness. As discussed above, we also find Plaintiff has once again not filed a proper pleading.

As stated, this case cannot proceed without Plaintiff's compliance with the Court's Order to pay the filing fee or file a completed *in forma pauperis* Motion.  Because Plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

Moreover, Plaintiff has again failed to state a meritorious claim against Defendants as we thoroughly discussed in our March 28, 2013 R&R issued in Plaintiff's Civil No. 13-0336 case.

Accordingly, Plaintiff has failed to comply with the Court's Order and she has failed to  pay the filing fee or file a completed *in forma pauperis* Motion. Thus, we shall now recommend that her case be dismissed in accordance with Rule 41(b).  As stated, this case cannot proceed without Plaintiff's compliance with the Court's Order. Therefore, we find that the *Poulis* factors weigh in favor of dismissing this case.  We find that Plaintiff's wilful failure to comply with the Court's April 22, 2014 Order demonstrates she has abandoned her case.

However, since Plaintiff has had two prior similar cases against the DOD already dismissed by this Court with prejudice, we now recommend that Plaintiff 's instant case be dismissed with prejudice.   Based on the above, we find that Plaintiff's instant case is barred by the doctrine of res judicata and that Plaintiff is merely filing the same claims against the same Defendants  as she filed

in her Civil No. 13-0336 case with this District Court.   This District Court dismissed with prejudice Plaintiff's Civil No. 13-0336 case.  We find that Plaintiff's claims in the present case are barred by res judicata since they are the same claims and based on the same underlying facts as the claims she asserted in her Civil No. 13-0336 case. In order for res judicata to apply, one factor is that Plaintiff's instant claims are based on her claims she raised against Defendants in her prior federal court cases she filed in this District Court. *See Turner v. Crawford square Apartments III, L.P.,* 449 F.3d 542, 548 (3d Cir. 2006)(citation omitted).  In Pennsylvania, a claim is barred under res judicata if it shares four conditions in common with an earlier claim: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and(4) the capacity of the parties to sue or be sued." *Id*. (citation omitted).  The Third Circuit Court stated in *Elkadrawy v. Vanguard Group, Inc.,* 584 F.3d 169, 172-173 (3d Cir. 2009), that for res judicata to apply, the following elements must be found:

> (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action.

(citation omitted).

The thing sued for in Plaintiff's present case is the same as in her Civil No. 13-0336 case. The Plaintiff 's present case shares the same causes of action as Plaintiff raised in her Civil No. 13-0336 case.  The Defendants in Plaintiff 's present case are essentially the same Defendants as in Plaintiff 's Civil No. 13-0336 case.  Further, the capacities of Plaintiff and her  party Defendants in both stated cases are the same. Also, since this Court dismissed Plaintiff 's Civil No. 13-0336 case with prejudice, this constituted a final judgment on the merits in favor of Defendants, including the

DOD and DLA.  *See InterDigital Technology Corp. v. OKI Am., Inc.*, 866 F.Supp. 212, 213 (E.D.Pa. 1994); *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972)("Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial.")(citation omitted).

Pursuant to our above discussion of Plaintiff 's instant case as well as our detailed discussion in our March 28, 2013 R&R issued in Plaintiff's Civil No. 13-0336 case, insofar as Plaintiff has attempted to re-assert federal employment claims for wrongful termination and retaliation, and constitutional claims under *Bivens,* we will recommend that Plaintiff Smith's instant Complaint (Doc. 1) be dismissed entirely with prejudice.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend her pleading.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  Thus, if a Complaint is subject to dismissal, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based on the above discussion, we now find futility and prejudice to Defendants in allowing Plaintiff to file an amended complaint in her present case.

## III.    Recommendation.

Based on the foregoing, it is respectfully recommended that the Plaintiff Smith's case be dismissed with prejudice.  It is also recommended that this case be closed.

               **s/ Thomas M. Blewitt**
               **THOMAS M. BLEWITT**
               **United States Magistrate Judge**

**Dated: May 21, 2014**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARILYN MARIE SMITH, | : | CIVIL ACTION NO. **1:CV-14-0757** |
| | : | |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF DEFENSE, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated  **May 21, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

>  Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.




**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**




**Dated:  May 21, 2014**