# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARILYN MARIE SMITH,** | : | **CIVIL ACTION NO. 1:14-CV-0757** |
| Plaintiff, | : | (Chief Judge Conner) |
| v. | : | |
| **DEPARTMENT OF DEFENSE,** *et al.*, | : | |
| Defendants. | : | |

# ORDER

AND NOW, this 16th day of June, 2014, upon consideration of the report (Doc. 4) of Magistrate Judge Thomas M. Blewitt (Doc. 7), recommending the court dismiss the complaint (Doc. 1) filed by *pro se* plaintiff Marilyn Marie Smith, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41, see FED. R. CIV. P. 41(b) (permitting court to dismiss a lawsuit if "the plaintiff fails to prosecute or to comply with these rules or a court order"), and also because her claims are barred by the doctrine of *res judicata*, (Doc. 4 at 5-11), and, following an independent review of the record, the court agreeing with the magistrate judge that the claims contained in the *pro se* plaintiff's complaint (Doc. 1) are identical to those discrimination and disparate treatment claims previously dismissed with prejudice by the undersigned in Smith v. Department of Defense, No. 1:13-cv-0336, 2013 U.S. Dist. LEXIS 71014, at *19-29 (M.D. Pa. Mar. 28, 2013), *adopted by* Smith v. Department of Defense, 2013 U.S. Dist. LEXIS 68172, at *1 (M.D. Pa. May 14, 2013), and thus barred by the doctrine of *res judicata*, see Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 173 (3d Cir. 2009) ("In order to prevail on a defense of *res judicata*, a defendant must demonstrate that there has been: (1) a final judgment on the merits in a

prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action."), and further agreeing that the *pro se* plaintiff's claims are likewise barred for failure to prosecute in light of her blatant noncompliance with orders of the court, see FED. R. CIV. P. 41(b), also Emerson v. Thiel College, 296 F.3d 184, 190-91 (3d Cir. 2002) (affirming district court's dismissal of several claims pursuant to Rule 41(b) when plaintiff failed to comply with court orders, dragged the case out, and "was willful and not merely negligent or inadvertent"), and it appearing that neither party has objected to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

[a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 4) of Magistrate Judge Blewitt is ADOPTED in its entirety.

2. Plaintiff's complaint (Doc. 1) is DISMISSED with prejudice.

3. Any appeal from this order is deemed to be frivolous and not taken in good faith.  See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court is directed to CLOSE this case.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania